### Consolidated Coal Company v. Jefferson Rainey.

1. CONTRACTS—*An Agreement of Renewal of a Lease Construed.*— A lease to a coal company was extended for one year "under the same terms and conditions, except that the guaranteed royalty shall not be less than $600 per annum." The original lease guaranteed a royalty of $250 per annum and provided that if any accident should happen to the mine, or if the workmen employed therein should strike so that the mine could not be operated, the guaranteed royalty should be reduced proportionately. *Held*, that this provision did not apply to the contract of renewal.

Assumpsit, for royalties. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1896. Affirmed. Opinion filed March 3, 1897.

Consolidated Coal Co. v. Rainey.

CHARLES W. THOMAS, attorney for appellant.

DILL & SCHAEFER, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit in assumpsit was brought by appellee against appellant, and by agreement of the respective parties a jury was waived, the cause was tried by the court, and a finding and judgment in favor of appellee for $233.93 and costs was entered. The right to recover was based upon the written renewal of a lease for the term of one year from May 1, 1894, to May 1, 1895, which renewal was as follows: "It is agreed and understood by the parties to the within lease that the same shall be extended under the same terms and conditions, except that the guaranteed royalty shall not be less than six hundred (600) dollars per annum, for the term of one year from May 1, 1894, to May 1, 1895." It was admitted by appellant at the trial that $366.07 was the whole amount of the royalty paid to plaintiff for that year, but on behalf of appellant it is insisted the trial court erred in refusing to hold as the law the following proposition submitted on its behalf: "The court is requested to hold that the indorsement of renewal made upon the lease ought to be construed so as to give defendant the benefit of the terms and conditions of clause seven thereof, and if the court believes from the evidence that for a number of days between May 1, 1894, to May 1, 1895, the workmen engaged in and about the mine in the lease mentioned struck and refused to work, so that the mine could not be operated for that reason, then no royalty should be charged to defendant for the time covered by said strike." This proposition was properly refused, and the court correctly construed the agreement for renewal to mean that $600 was the minimum rental to be paid for the year therein mentioned. Of this sum only $336.07 had been paid, and judgment for the balance of the $600 was properly entered. The judgment is affirmed.